LAND, J.
 

 Plaintiff sues to recover a loss of $3,000 on a policy of insurance issued to him by defendant company to cover a dwelling and outbuilding, owned and occupied by plaintiff, and destroyed by fire March 8, 1925. . Erom a judgment in plaintiff’s favor for $30, the amount of premium paid, but otherwise rejecting his demands, plaintiff has appealed.
 

 1. Plaintiff has annexed to and made part of his petition the policy sued upon, which is in the “Dwelling House Form,” and was issued to plaintiff for a premium of $30.
 

 As appears from the policy, the insurance provided for therein consists of the sum of $3,000 on the main building and additions thereto, including the outbuilding and fences,
 
 “while occupied as a dwelling.”
 

 It is provided in lines 11, 14, 15, 20, and 21 of the conditions of the policy that:
 

 “This entire policy, unless otherwise provided by agreement, indorsed hereon or added hereto
 
 shall he void
 
 * * *
 
 if the hazard he increased hy any means within the control or Jmowledge of the insured,
 
 * * * or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured or otherwise.”
 

 The defense of defendant company is that the insured violated the conditions of the policy and is debarred from recovery thereon.
 

 The evidence in the case shows that, at the time of the fire, March 8, 1925, the basement of the main building on the premises was being used by the insured as a dance hall, and that an outbuilding, which was likewise covered by the policy, was being used by him as a gambling hall.
 

 The evidence in the case further shows that the use of these buildings as a dance hall and as a gambling hall greatly increased the risk of fire, as compared, with their use as a dwelling, and that, had defendant company known of such uses, it would have exacted a greatly increased premium for insuring these buildings if, in fact, it would have insured them at all.
 

 Up to the date of the issuance of the policy sued upon, plaintiff had been paying a premium of about $22.50 on an - insurance of $1,500. Because of the addition of a basement to the dwelling, and the erection of an outbuilding on the pi'emises, the policy was renewed at an increased insurance of $3,000 and at a premium of only $30.
 

 The evidence in the case is clear that the relative degree of hazard as between a dwelling’and a building used as a public dance hall or gambling place is about
 
 four and a half
 
 
 *77
 

 times
 
 greater for the dance hall or gambling place than for the dwelling.
 

 It is obvious that a' public dance hall or gambling place would not be insured at the same rate of premium as a dwelling.
 

 As the insured was not occupying the buildings as a dwelling house, and had increased the hazard by changing their lawful use under the policy to that of a public dance hall and gambling place, he is clearly guilty of a violation of the conditions of the policy, and his suit was properly rejected in the lower court as to any right of recovery of loss on the policy.
 

 2. There is considerable discussion in the briefs in the case upon the question of waiver of the conditions of the policy by defendant company at the date of its issuance.
 

 This discussion, however, is purely academic, as there are no allegations of such waiver in the petition filed in the suit, and no evidence in the record to show any knowledge upon the part of defendant company as to the use made of the buildings by plaintiff, when the policy was issued to him.
 

 3. Defendant company has answered the appeal, and complains that, in the judgment of the lower court, it is decreed that “each side pay its own costs,” and asks for an amendment of the judgment so as to condemn plaintiff to pay the whole costs.
 

 It is alleged in the answer that defendant company, prior to the institution of the suit, offered to return to plaintiff the sum of $30, the amount of the premium, and that it was agreed between counsel for plaintiff and counsel for defendant company that this offer should be considered as equivalent to a formal and legal tender and consignment and as having the effect of sainé.
 

 This statement in the answer is verified by the testimony of counsel for defendant company. It is not contradicted. We see no good reason, therefore, why the agreement should not be enforced, as defendant company would have made a formal legal tender in the lower court had the agreement not been made.
 

 The legal effect of a real tender prior to suit is to cast upon the party to whom it has been made all of the costs of the subsequent litigation, when the amount due has been tendered as in the present case. O. P. arts. 407, 415, 416.
 

 It is ordered that the judgment appealed from be amended so as to condemn plaintiff to pay the costs in the lower court and on appeal in this court. It is now ordered that the judgment, as amended, be affirmed.